IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, | CIVIL NO. 20-00206 JAO-KJM |
| Plaintiff, | ORDER DISMISSING ACTION |
| vs. | |
| DEREK KAAUKAI, | |
| Defendant. | |

## ORDER DISMISSING ACTION

Pro se Plaintiff Chris Grindling ("Plaintiff") commenced this action on May 4, 2020.  He buried a request to proceed in forma pauperis within his Complaint.  Because it did not address all questions in the court's form Application to Proceed Without Prepayment of Fees, the Court ordered Plaintiff to complete and submit the form application, which is available on the court's website, by May 21, 2020.  ECF No. 6.  The Court cautioned Plaintiff that his failure to submit the application or pay the filing fee by May 21, 2020 would result in the dismissal of this action.  *Id.*

On May 14, 2020, Plaintiff submitted a request for court forms, including the application.  ECF No. 7.  The clerk's office mailed the requested forms to Plaintiff the same day.  *See id.*

On May 18, 2020, Plaintiff filed a document titled "IFP." ECF No. 8. He requested leave to proceed in forma pauperis, but he handwrote the request instead of completing the form application, as ordered by the Court. Plaintiff also filed a Motion for Summary Judgment and Motion for Temporary Restraining Order Injunction. ECF No. 9. The Court denied the IFP request because it violated the Court's prior order requiring Plaintiff to complete and submit the form application. ECF No. 10. The Court reasoned that Plaintiff lacked any justification for submitting his handwritten request in lieu of a completed form because he requested and was sent the applicable form. *See id.* Significantly, the Court reiterated that the May 21, 2020 deadline to submit a form application remained in effect.

To date, Plaintiff has not submitted a completed application nor paid the filing fee. Courts do not take failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules.  Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's failure to timely file a request to proceed in forma pauperis on the court's form application or pay the applicable filing fee, in violation of two orders, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, *see Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quotations omitted)), as does the Court's need to manage its docket.  *See id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendant Derek Kaaukai, as his counsel only recently appeared on May 26, 2020.  Finally, there are

3

no less drastic alternatives available at this time.  The case cannot proceed without authorization to proceed in forma pauperis or payment of the filing fee.  The Court provided Plaintiff with two weeks—more than ample time—to comply, and even delayed issuing this Order.  Plaintiff was clearly able to file documents, having presented multiple submissions during the relevant window of time, yet he failed to meet the single deadline imposed upon him.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, May 29, 2020.



Jill A. Otake
United States District Judge

CV 20-00206 JAO-KJM; *Grindling v. Kaaukai.*; ORDER DISMISSING ACTION