IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING,<br><br>     Plaintiff,<br><br>vs.<br><br>DEREK KAAUKAI,<br><br>     Defendant. | CIVIL NO. 20-00206 JAO-KJM<br><br>ORDER DENYING MOTION TO RECONSIDER DENIAL OF IFP AND DEEMING MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DENYING MOTION TO RECONSIDER DENIAL OF IFP AND DEEMING MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

On May 19, 2020, the Court issued an Entering Order ("EO") denying pro se Plaintiff Chris Grindling's ("Plaintiff") document titled "IFP" and his Motion for Summary Judgment and Temporary Restraining Order Injunction. ECF No. 10. Plaintiff now seeks reconsideration of the denial of his request to proceed in forma pauperis ("IFP"). ECF No. 18. This matter shall be decided without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). The Motion is DENIED for the reasons articulated below, and Plaintiff's pending Application to Proceed IFP is DEEMED MOOT.

## BACKGROUND

Plaintiff commenced this action on May 4, 2020. He buried a request to proceed in forma pauperis within his Complaint. Because it did not address all questions in the court's form Application to Proceed Without Prepayment of Fees, the Court ordered Plaintiff to complete and submit the form application, which is available on the court's website, by May 21, 2020. ECF No. 6. The Court cautioned Plaintiff that his failure to submit the application or pay the filing fee by May 21, 2020 would result in the dismissal of this action. *Id.*

On May 14, 2020, Plaintiff submitted a request for court forms, including the application. ECF No. 7. The clerk's office mailed the requested forms to Plaintiff the same day. *See id.*

On May 18, 2020, Plaintiff filed a document titled "IFP." ECF No. 8. He requested leave to proceed in forma pauperis, but he handwrote the request instead of completing the form application, as ordered by the Court. Significantly, the IFP *again* failed to include all of the information on the court's form application. Plaintiff also filed a Motion for Summary Judgment and Motion for Temporary Restraining Order Injunction. ECF No. 9. The Court denied the IFP request because it violated the Court's prior order requiring Plaintiff to complete and submit the form application. ECF No. 10. The Court reasoned that Plaintiff lacked any justification for submitting his handwritten request in lieu of a completed form

because he requested and was sent the applicable form. *See id.* The Court reiterated that the May 21, 2020 deadline to submit a form application remained in effect. *See id.*

On May 29, 2020, the Court issued an Order Dismissing Action due to Plaintiff's failure to submit an IFP application or pay the filing fee by May 21, 2020. Judgment entered the same day. After the entry of the Dismissal Order and Judgment, the Court received the present Motion to Reconsider Denial of IFP and an Application to Proceed IFP on a prisoner form. ECF Nos. 18–19.

## DISCUSSION

Plaintiff seeks reconsideration because the clerk's office allegedly refused to supply IFP forms and his IFP was timely filed. Local Rule 60.1 governs motions for reconsideration, which are disfavored, and provides three grounds for reconsideration of interlocutory orders:

>  (a) Discovery of new material facts not previously available;
>
>  (b) Intervening change in law; and/or
>
>  (c) Manifest error of law or fact.

Local Rule 60.1. Although the Motion pertains to an interlocutory order, the Court construes it as a request for relief pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) because it was filed after the entry of judgment. *See Webb v. Ducart*, No. 17-CV-00330-HSG (PR), 2019 WL 1118120, at *1 (N.D. Cal. Mar.

11, 2019).  FRCP 60(b) provides relief from final judgments, orders, or proceedings on the following grounds:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60 reconsideration is generally appropriate in three instances:  (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice.  *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Sierra Club, Haw. Chapter v. City & Cty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence.").

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals.  "First, a motion for reconsideration must demonstrate some

4

reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, Plaintiff has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of strongly convincing nature to compel reversal of the EO. The Court's May 7, 2020 EO was clear – Plaintiff must complete and submit his IFP request, *on the court's form application*, by May 21, 2020. ECF No. 6. By failing to utilize the form, Plaintiff did not answer questions that are necessary for the Court's assessment of indigency. The Court informed Plaintiff that the form application can be found on the court's website and provided the URL. *See id.*

5

In violation of the May 7, 2020 EO, Plaintiff filed another handwritten request to proceed IFP on May 18, 2020 that again failed to include responses to all questions in the form application.  ECF No. 8.  As a result, the Court denied the application and reminded him that the May 21, 2020 deadline to submit a completed form application remained in effect.  ECF No. 10.  The Court rightfully rejected the deficient and violative application and there is no basis—factual or legal—to reconsider its EO.

Plaintiff's mistaken belief that he provided the requisite information in a timely manner does not entitle him to relief.  Plaintiff asks the Court to take judicial notice of Civil No. 20-00205 SOM-RT, *Tanaka v. Kaaukai*, to show that the plaintiff Kristy Tanaka "[d]id everything I did and had no [p]roblems."  ECF No. 18 at ¶ 9.  Ms. Tanaka utilized the *court's form application* in requesting leave to proceed IFP, as is standard practice by litigants, so she did precisely what Plaintiff refused to do here.  Putting that aside, other judges' decisions do not control this Court's evaluation of cases and motions before it.  Plaintiff has obtained IFP status in multiple cases within this district, including those before this Court, by submitting a conclusory handwritten statement that he has no assets or income.  But given the frequency with which Plaintiff continues to initiate actions, he is admonished that he must comply with all rules and requirements.  He should

not be treated preferentially nor exempted from the requirements with which all other litigants seeking IFP status are expected to comply.

Plaintiff accuses the clerk's office of refusing to send him forms. The Court questions the veracity of his accusation because the record reflects that forms were sent to him. *See* ECF No. 7. But even if this was true, it did not prevent Plaintiff from obtaining the form. As the Court pointed out in its May 7, 2020 EO, the relevant form is available on the court's website.

In accordance with the foregoing, Plaintiff has presented no basis for reconsideration. The Court therefore DENIES the Motion.

Also pending is Plaintiff's application to proceed IFP. ECF No. 19. In light of the dismissal of this action, entry of judgment, and denial of this Motion, it is moot.[1]

## CONCLUSION

For the reasons stated herein, the Court DENIES Plaintiff's Motion to Reconsider Denial of IFP, ECF No. 18, and DEEMS MOOT Plaintiff's Application to Proceed IFP. ECF No. 19.

---

[1] Notably, this submission still fails to comply with the Court's orders. It is on an IFP form application for prisoners (Plaintiff is no longer incarcerated). And as before, it does not respond to all inquiries.

7

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, June 1, 2020.



Jill A. Otake
United States District Judge

CV 20-00206 JAO-KJM; *Grindling v. Kaaukai*; ORDER DENYING MOTION TO RECONSIDER DENIAL OF IFP AND DEEMING MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS