IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING,<br><br>    Plaintiff,<br><br>    vs.<br><br>DEREK KAAUKAI,<br><br>    Defendant. | CIVIL NO. 20-00206 JAO-KJM<br><br>ORDER DENYING MOTION TO RECONSIDER DISMISSAL |

## <u>ORDER DENYING MOTION TO RECONSIDER DISMISSAL</u>

On May 29, 2020, the Court issued an Order Dismissing Action ("Dismissal Order").  ECF No. 16.  Judgment entered the same day.  ECF No. 17.  Plaintiff now seeks reconsideration of the Dismissal Order.  ECF No. 21.  This matter shall be decided without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").  The Motion is DENIED for the reasons set forth below.

## <u>BACKGROUND</u>

Plaintiff commenced this action on May 4, 2020.  He buried a request to proceed in forma pauperis within his Complaint.  Because it did not address all questions in the court's form Application to Proceed Without Prepayment of Fees, the Court ordered Plaintiff to complete and submit the form application, which is

available on the court's website, by May 21, 2020.  ECF No. 6.  The Court

cautioned Plaintiff that his failure to submit the application or pay the filing fee by

May 21, 2020 would result in the dismissal of this action.  *Id.*

On May 14, 2020, Plaintiff submitted a request for court forms, including

the application.  ECF No. 7.  The clerk's office mailed the requested forms to

Plaintiff the same day.  *See id.*

On May 18, 2020, Plaintiff filed a document titled "IFP."  ECF No. 8.  He

requested leave to proceed in forma pauperis ("IFP"), but he handwrote the request

instead of completing the form application, as ordered by the Court.  Significantly,

the IFP *again* failed to include all of the information on the court's form

application.  Plaintiff also filed a Motion for Summary Judgment and Motion for

Temporary Restraining Order Injunction.  ECF No. 9.  The Court denied the IFP

request because it violated the Court's prior order requiring Plaintiff to complete

and submit the form application.  ECF No. 10.  The Court reasoned that Plaintiff

lacked any justification for submitting his handwritten request in lieu of a

completed form because he requested and was sent the applicable form.  *See id.*

The Court reiterated that the May 21, 2020 deadline to submit a form application

remained in effect.  *See id.*

On May 29, 2020, the Court issued the Dismissal Order *due to Plaintiff's*

*failure to submit an IFP application in conformance with the Court's orders **or** pay*

2

*the filing fee* by May 21, 2020.[1]  After the entry of the Dismissal Order and

Judgment, the Court received Plaintiff's Motion to Reconsider Denial of IFP and

an Application to Proceed IFP on a prisoner form.  ECF Nos. 18–19.

On June 1, 2020, the Court issued an Order Denying Motion to Reconsider

Denial of IFP and Deeming Moot Application to Proceed in Forma Pauperis.  ECF

No. 20.

On June 4, 2020, Plaintiff filed this Motion to Reconsider Dismissal.  ECF

No. 21.  The next day, he filed a Motion for Time to Pay Filing Fee, Request for

Time to Pay Filing Fee, and an Application to Proceed IFP.  ECF Nos. 22–24.  He

also paid the filing fee.  ECF No. 25.

DISCUSSION

Plaintiff seeks reconsideration on the following grounds:  (1) he never

ignored or disobeyed the Court's orders; (2) he did not fail to prosecute because he

wrote three letters requesting court forms; (3) he lacks access to a computer or

printer; (4) everything is closed due to COVID-19; (5) his family is currently

unemployed and family members are awaiting benefits; (6) he has no money or

anything of value; (7) he was not provided with sufficient time to submit forms

that the clerk's office refused to supply; and (8) Civil No. 20-00205 SOM-RT is

---

[1]  The Court emphasizes that it waited an additional eight days past the deadline
before issuing the Dismissal Order.

identical to this case with a different plaintiff and is proceeding while he is unable to obtain IFP status here.

The Court applies Federal Rule of Civil Procedure ("FRCP") 60(b) even though Plaintiff cites no legal authority in support of his request. FRCP 60(b) provides relief from final judgments, orders, or proceedings on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Sierra Club, Haw. Chapter v. City & Cty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that

4

Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence.").

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, Plaintiff has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of strongly convincing nature to compel reversal of the Dismissal Order. He rehashes arguments already addressed in the Court's June 1,

2020 Reconsideration Order and raises new arguments that he could have presented before. The Court's May 7, 2020 Entering Order ("EO") was clear – Plaintiff must complete and submit his IFP request, *on the court's form application*, by May 21, 2020. ECF No. 6. By failing to utilize the form, Plaintiff did not answer questions that are necessary for the Court's assessment of indigency. The Court informed Plaintiff that the form application can be found on the court's website and provided the URL. *See id.*

In violation of the May 7, 2020 EO, Plaintiff filed another handwritten request to proceed IFP on May 18, 2020 that again failed to include responses to all questions in the form application. ECF No. 8. As a result, the Court denied the application and reminded Plaintiff that the May 21, 2020 deadline to submit a completed form application remained in effect. ECF No. 10. The Court rightfully rejected the deficient and violative application. Plaintiff's mistaken belief that he provided the requisite information in a timely manner does not entitle him to relief. Failure to comply with the Court's EOs constitutes disobedience, whether intentional or not.

As before, Plaintiff claims that he made multiple requests for forms, writing three letters to the court from May 4, 2020, and the clerk's office refused to provide them. The record contradicts this claim. The clerk's office received *one*

letter requesting the IFP form application (along with others) on May 14, 2020 and sent the requested forms in response.  ECF No. 7.

Plaintiff also argues, for the first time, that he lacks access to a computer or printer.  "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH* & *Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Curiously, Plaintiff represents that he lacks access to a computer or printer, while also claiming that he filed Civil No. 20-00205 SOM-RT with a different plaintiff.  As the Court pointed out in its Reconsideration Order, the plaintiff in Civil No. 20-00205 SOM-RT utilized the very *court forms* Plaintiff maintains he could not obtain or access.  This causes the Court to question the veracity of Plaintiff's assertions.[2]

Regardless, Plaintiff's alleged lack of access to a computer or printer does not change the basis for the dismissal – Plaintiff did not timely submit an IFP application on the court form or the filing fee by May 21, 2020, or even by the time the Court issued the Dismissal Order *eight days later* on May 29, 2020.  Plaintiff

---

[2]  In his Motion for Time to Pay Filing Fee and Request for Time to Pay Filing Fee, Plaintiff claims that the IFP form application was not available on the court's website.  Unless Plaintiff accessed the website via a smartphone or tablet device, this directly contradicts his representation that he has no access to a computer. Moreover, the Court has, on multiple occasions during the pendency of Plaintiff's action, accessed the form application, never once receiving the "not found" message Plaintiff alleges he encountered.

appears to mistakenly believe that the Court denied his IFP applications on the merits and that he should have been afforded time to pay the filing fee thereafter. The Court only addressed two IFP applications, neither of which Plaintiff presented in proper form with complete responses.  Plaintiff's failure to submit a completed form application precluded the Court from assessing Plaintiff's entitlement to proceed IFP.  And the Court unequivocally cautioned in its May 7, 2020 EO that failure to file a completed IFP form application or pay the filing fee would result in dismissal.

Plaintiff additionally avers that his family is unemployed and awaiting benefits, and that he has no money or anything of value.  Plaintiff's family's financial and employment circumstances, while unfortunate, have no bearing on Plaintiff's violation of Court orders and failure to timely submit a completed form IFP application or pay the filing fee.  Furthermore, Plaintiff's continued assertions of indigence are belied by his recent remittance of the filing fee.

Plaintiff lastly contends that he had insufficient time to submit forms. Instead of using the ample time provided to cure the defects in his initial IFP request, Plaintiff elected to submit multiple deficient IFP applications,[3] and managed to find the time to draft and file a premature motion for summary

---

[3]  Plaintiff suggests that his submission of three IFP requests constitutes compliance.  The Court explained why the first two were deficient prior to (continued . . .)

judgment and a motion for temporary restraining order and injunction. Therefore, a lack of time did not prevent Plaintiff from meeting his deadline; his failure to comply with Court orders and decision to prioritize other filings did.

In accordance with the foregoing, Plaintiff has not presented any basis for reconsideration. The Court therefore DENIES the Motion.

Also pending are two requests for time to pay the filing fee and another IFP Application.[4] These filings are moot. To the extent Plaintiff's requests for additional time are effectively requests to accept his belatedly submitted filing fee, it is too late. The Court dismissed the case on May 29, 2020, and it remains closed for the reasons stated above. Nor is indigency at issue given the payment of the filing fee. Because the dismissal and judgment stand, the Court directs the clerk's office to return the filing fee.

<u>CONCLUSION</u>

For the reasons stated herein, the Court DENIES Plaintiff's Motion to Reconsider Dismissal, ECF No. 21, and DEEMS MOOT Plaintiff's Motion for

---

(. . . continued)
dismissal; the third—still non-compliant—was filed after dismissal and the entry of judgment. Even ten non-compliant IFP applications would not have assisted Plaintiff. The Court only required one completed IFP application, on the court form, in conformance with its orders.

[4] It is unclear why Plaintiff continues to pursue relief in this case when he could simply file a new action, as he has done before.

Time to Pay Filing Fee, Request for Time to Pay Filing Fee, and Application to

Proceed IFP.  ECF Nos. 22–24.  The clerk's office is DIRECTED to return the

filing fee to Plaintiff.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, June 9, 2020.



Jill A. Otake
United States District Judge

CV 20-00206 JAO-KJM; *Grindling v. Kaaukai*; ORDER DENYING MOTION TO RECONSIDER DISMISSAL